UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMELDA SNYPE, | ) | CASE NO. 5:08 CV 1280 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FIRST FRANKLIN CORP, *et al*., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 23, 2008, *pro se* plaintiff Emelda Snype filed this action against First Franklin Corporation of San Jose, California ("First Franklin"), and the Portage County Sheriff's Department.  In the complaint, plaintiff alleges that her property is about to sold at sheriff's sale pursuant to a judgment in foreclosure.  She seeks an injunction preventing the sale.

## Background

Ms. Snype is currently the defendant in an on-going foreclosure action in Portage County, Ohio.  A judgment in favor of First Franklin was issued on June 23, 2006.  Ms. Snype filed for bankruptcy and a stay was issued to prevent the sale of the property.  The stay has been lifted and the sale is scheduled to proceed.  Ms. Snype claims she did not receive a separate hearing for the sale and contends she was denied due process.  She seeks an immediate injunction to prevent the sale.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

Ms. Snype has not set forth a basis for this federal court's jurisdiction. She asserts that she was denied due process under the Fifth Amendment and it appears therefore that she is attempting to assert federal question jurisdiction. She has failed to do so.

Because the Constitution does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys.*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. First Franklin is a private party, not a government entity. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as

"state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Moreover, police and sheriff's departments are not *sui juris* and therefore cannot sue or be sued. *See Nieves v. City of Cleveland*, 153 F. App'x 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n.9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. *Id.* Ms. Snype's claim against the Portage County Sheriff's Department would be construed against Portage County, Ohio.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of Portage County which may have resulted in the deprivation of a federally protected right of the plaintiff.

It is also plausible that Ms. Snype is attempting to obtain federal jurisdiction based on the diversity of the citizenship of the parties. Ms. Snype is a resident of the State of Ohio and First Franklin is a resident of the State of California. The other defendant, the Portage County Sheriff, is also a resident of the State of Ohio. In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003) *quoting Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Because Ms. Snype and the Portage County Sheriff are residents of the same state, diversity is not complete. Moreover, plaintiff has not satisfied the jurisdictional amount in controversy requirement. Jurisdiction cannot be premised on diversity of citizenship.

Finally, even if Ms. Snype had asserted a claim under federal law or had established complete diversity of citizenship, this court would be unable to consider the asserted cause of action. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil

4

rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id. See also Tropf*, 289 F.3d at 937.

In the present action, Ms. Snype directly attacks the state court's decision to permit the sale of her property in execution of the foreclosure judgment. All of the allegations in the complaint concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on her belief that the state court was mistaken in rendering its decisions against her. In addition, she requests as relief that the state judgment be declared unconstitutional and its execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court

proceedings against her. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n.16; *Catz*, 142 F.3d at 293.

## Conclusion

For all the foregoing reasons, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: May 27, 2008

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

6